# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re   **Bella Barbies International LLC**                              **Case No.**   **26-10033**

                                        **Debtor(s)\***                    **CHAPTER 11 (Subchapter V)**

Last four digits of Social-Security (SSN) No(s).: _____
Last four digits of Individual Taxpayer-Identification (ITIN) No(s).: _____
Employer Tax-Identification (EIN) No(s).: __40-0014201__

### NOTICE OF HEARING ON CONFIRMATION, AND NOTICE OF TIMES FIXED
### FOR FILING ACCEPTANCES OR REJECTIONS OF PLAN
### AND OBJECTIONS TO CONFIRMATION

TO:   Debtor(s), creditors, equity security holders, creditors committee(s), Securities and Exchange Commission, United States Trustee, trustee, and other parties in interest

NOTICE IS HEREBY GIVEN THAT:

1.   On____April 13, 2026____, the court entered an Order Fixing Hearing on Confirmation and Times for Filing Objections to Confirmation and Acceptances and Rejections of Plan in connection with a Plan of Reorganization filed by _____Debtor_____.

2.   There are transmitted herewith:

   a.  A copy of the Plan of Reorganization and amendment thereto, *if applicable*;
   b.  Said Order of the Court; and
   c.  Appropriate forms for the acceptance or rejection of said Plan.

3.   By the said Order of the Court, ____May 12, 2026____, is fixed as the last day for filing written acceptances or rejections of the Plan.

4.   Any objection to confirmation of the Plan and any complaint objecting to the discharge of the individual debtor, if applicable, shall be filed with the Clerk of the United States Bankruptcy Court, _200 S. Washington St, Alexandria, VA  22314_ no later than **7 days** prior to the date fixed for hearing on confirmation of the Plan, and shall be served pursuant to Federal Rules of Bankruptcy Procedure 3020(b)(1) and Interim Procedure 3016-1(F).

5.   The hearing on confirmation of the Plan and of such objections as may be made thereto will be held on ____May 19, 2026____, at __1:30__ P.M. in, _U. S. Bankruptcy Court, 200 S. Washington St., 2nd Fl., Courtroom I, Alexandria, VA 22314_____.

Date:  __4/14/2026__                              __Bella Barbies International LLC__
                                              Proponent

                                  By  _/s/ Daniel M Press_____

                                        Attorney for Proponent

                                        State Bar Number:  37123
                                                   6718 Whittier Ave #200
                                        Address:
                                                   McLean VA 22101
                                        Telephone No.  703-734-3800

### PROOF OF SERVICE

   I hereby certify that on _____4/14/2026_____, I mailed a copy of the foregoing notice to the debtor(s), creditors, equity security holders, creditors committee(s), United States Trustee, trustee, if any, Securities and Exchange Commission and other parties in interest.

**\*Include Last Four Digits of Social Security**
 **or Full Tax Identification Number**                    _/s/ Daniel M Press_____
                                              Attorney for Proponent

[nfhg11Vnds ver. 12/24]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
_____Alexandria_____ **DIVISION**

**In re** Bella Barbies International LLC

**Case No.** 26-10033-BFK

Debtor(s)*

Address:   7902 Tysons One Pl Unit 2901 McLean, VA 22102

**Chapter 11**
**(Subchapter V)**

Last four digits of Social-Security (SSN) No(s).: _____
Last four digits of Individual Taxpayer-Identification (ITIN) No(s).: _____
Employer Tax-Identification (EIN) No(s).: 40-0014201

**ORDER FIXING HEARING ON CONFIRMATION AND TIMES FOR FILING
OBJECTIONS TO CONFIRMATION AND ACCEPTANCES OR REJECTIONS OF PLAN**

A plan under subchapter V of chapter 11 of the Bankruptcy Code having been filed by
Bella Barbies International LLC_____, on  April 7, 2026_____; and the debtor being a debtor under
subchapter V of Chapter 11:

IT IS **ORDERED,** and notice is hereby given, that:

A.  May 12, 2026_____is fixed as the last day for filing written acceptances or rejections of the plan
referred to above.

**B.** No later than **35 days** prior to the hearing date set forth in paragraph C. below, the proponent of the plan shall
mail to the trustee, creditors, equity security holders, and other parties in interest, and shall transmit to the United
States trustee, the plan, a ballot conforming to Official Form 314, and a notice of hearing on confirmation of the
plan. The proponent of the plan shall file with the Clerk the notice of hearing together with a certification of
distribution of the aforementioned plan, ballot and notice. **FAILURE TO TIMELY COMPLY WITH THE
NOTICING INSTRUCTIONS AS SET FORTH HEREIN MAY RESULT IN THE HEARING BEING
STRICKEN FROM THE DOCKET WITHOUT FURTHER NOTICE.**

C.  May 19, 2026 @ 1:30 p.m._____is fixed for the hearing on confirmation of the plan.

D.  May 12, 2026_____ is fixed as the last day for filing and serving written objections to the
confirmation of the plan.

Date: Apr 13 2026_____

BY THE COURT

 /s/ Brian F Kenney_____
United States Bankruptcy Judge

NOTICE OF JUDGMENT OR ORDER
ENTERED ON DOCKET:  Apr 13 2026_____

*Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth
the last four digits of both social-security numbers or individual taxpayer-identification numbers.*

[subchVntcOrder ver. 02/20]

**Fill in this information to identify the case:**

Debtor Name _Bella Barbies International LLC_

United States Bankruptcy Court for the: _Eastern_        District of _Virginia_
                                                                    (State)

Case number: _26-10033_

❑ Check if this is an amended filing

## Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11        02/20

Bella Barbies International LLC **'s Plan of Reorganization, Dated April 7, 2026**

**Background for Cases Filed Under Subchapter V**

### A. Description and History of the Debtor's Business

The Debtor is a Delaware Limited Liability Company. Since 2020, the Debtor has been in the business of sale of nutrutional supplements, primarily online. It maintains no physical location; product is manufactured by a third party lab and shipped to a third-party warehouse, which handles storage and order fulfillment.

### B. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit A.

### C. Ability to make future plan payments and operate without further reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan Proponent has provided projected financial information as Exhibit B.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ _45,000_ .

The final Plan payment is expected to be paid 36 months after confirmation.

Projected income and expenses, with income consistent with past performance (given similar marketing/advertising expenditures), are attached as Exhibit B.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

Debtor Name _____     Case number_____

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of [insert the name of the Debtor] (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income]**.**

This Plan provides for:

| | |
|---|---|
| 0 | classes of priority claims; |
| 2 | classes of secured claims; |
| 1 | classes of non-priority unsecured clams; and |
| 1 | classes of equity security holders. |

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 2 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

See Exhibit C

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, [and a "gap" claim in an involuntary case allowed under § 502(f) of the Code,] will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.<br><br>See Exhibit C |

Debtor Name  _____        Case number_____

| 3.03 | **Priority tax claims** | Each allowed priority tax claim will be paid quarterly, amortized over 3 years from the Effective date (not to exceed 5 years from the petition date), at the statutory rate of interest applicable to such claim, in full. |
|---|---|---|
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |

## Article 4: Treatment of Claims and Interests Under the Plan

4.01   **Claims and interests shall be treated as follows under this Plan:**

See Exhibit C

## Article 5: Allowance and Disallowance of Claims

| 5.01 | **Disputed claim** | A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: <br><br> (i)   a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or <br><br> (ii)  no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
|---|---|---|
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. NO COURT APPROVAL REQUIRED IF <$100,000. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor Name _____    Case number_____

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>Jacqueline Gattereau: SAFE |
| | | (b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ⟨ 30 ⟩ days after the date of the order confirming this Plan. |

## Article 7: Means for Implementation of the Plan

See Exhibit D

## Article 8: General Provisions

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:<br><br>See Exhibit E |
| 8.02 | **Effective date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding effect** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of ⟨ Virginia ⟩ govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate governance** | Debtor's sole member is Samia Gore, who will continue in her role as managing member, as the sole full-time employee, compensated at $96,000/yr. The Debtor's Articles of Organization and Operating Agreement are hereby deemed amended to prohibit the issuance of non-voting equity securities. |

Debtor Name _____     Case number_____

[8.08  **Retention of Jurisdiction**     See Exhibit F

<span style="background:black">　　　　</span>  **Article 9: Discharge**

Debtor Name _____     Case number_____

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

       (i) imposed by this Plan; or
       (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

       (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or
       (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

See Exhibit F

Respectfully submitted,

Debtor Name _____     Case number_____

✘ /s/ Samia Gore
_____
[Signature of the Plan Proponent]

Samia Gore, Managing Member
_____
[Printed Name]

✘ /s/ Daniel M. Press
_____
[Signature of the Attorney for the Plan Proponent]

Daniel M. Press
_____
[Printed Name]

Daniel M. Press, VSB# 37123
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press
Counsel for Debtor

## EXHIBIT A – ANALYSIS OF LIQUIDATION VALUE OF THE ESTATE

If liquidated under Chapter 7, the following is an analysis of what would be available to pay unsecured creditors.

Assets:

Cars:

2020 Jeep                   $21,400
            Lien $11,000   Net: $10,400


                                                                    Net: $10,400

Money:  Checking as of petition date $3284.84                       Net: $3284.84

Other assets (prepayments, inventory, receivables, FF&E)
         $75,549.23
         Less secured claim: $62,675.90                             Net: $12,873.33

                                                                    Total net: 26,558.17


Less: Administrative claims: C11 Professionals/Trustee $20,000 est., net of retainer
                             C7 Trustee commission on $100,234.07: $8261.70


Total:  $0.00 (negative $1703.53)


As such, after payment of secured, priority and administrative claims, there would be no distribution to unsecured creditors in a Chapter 7 liquidation.   This plan proposes a minimum of $45,000 to general unsecured creditors.

## EXHIBIT B – PROJECTIONS

Monthly Revenue: $46,500

Yearly Revenue: $558,000

Monthly Expenses:

META Marketing Cost: $18,475

Warehouse Expense: $5,200

Inventory (COGS): $5,000

Staff Wages: $3,000

Owner Salary: $8,000

Klaviyo: $1,500

Shopify: $2,000

Total Monthly Expenses: $43,175

Total Yearly Expenses: $518,000

Net before contingency: $40,000

10% contingency: $4000

Yearly Net Income: $36,000

Secured debt payments: $21,000/yr.

Net available to unsecured creditors: $15,000/yr.

### EXHIBIT C – CLASSIFICATION AND TREATMENT OF CLAIMS

The Plan establishes 4 classes of claims, plus two categories of unclassified claims (for administrative expenses and priority taxes). The classes of claims are identified and treated as follows:

### A.      Unclassified Claims

1.      *Administrative Expenses.* Pursuant to Code § 1191(e), Administrative Expense claims approved and allowed by the Court shall be paid in full on the Effective Date or as soon thereafter as the amount thereof can be fixed, unless a different treatment is agreed to or provided for in this Plan. Administrative claims that by their terms are not due and payable on or before the Effective Date shall be paid when due. Administrative claims where all or a portion of awarded fees are being held by counsel or the trustee in escrow may be paid upon allowance by the Court to the extent of such escrowed sums, with any balance to be paid as provided above.

The total professional fees to Debtor's counsel are estimated to be approximately $20,000, partially covered by the prepetition retainer. The Subchapter V Trustee's fees are estimated at approximately $5-10,000.00.

The Debtor is unaware of any other unpaid administrative expense claims not being paid in the ordinary course.

### B.      Priority Taxes.

See 3.03 of the Plan form.   There are no known priority taxes.

### Classified Claims and Interests

SECURED CLAIMS:

*Class A (Credit Control Secured Claim on 2020 Jeep).*   Class A consists of the claim of Credit Control LLC (formerly Truist Bank), secured by Debtor's 2020 Jeep (Scheduled Claim, $11,000).   This claim shall retain its lien and be paid in full at closing upon the sale of the Jeep. Debtor shall sell the Jeep on the Effective Date free to the highest offer obtained from at least 3 Jeep or major pre-owned vehicle dealers, or to any private party paying at least the best offer received from 3 such dealers.   No further court approval shall be required.  This claim is not impaired.

*Class B (eCommerce Funding, LLC and On Ramp Funds, Inc. Secured Claim).*   Class B consists of the secured claim of eCommerce Funding, LLC and On Ramp Funds, Inc. (Claim 7, $62,675.90).  This claim will retain its lien until paid, and shall be paid in full, without interest as provided in the proof of claim, in 12 equal quarterly installments of $5223.00 commencing 90 days after the Effective Date   This class is impaired.

UNSECURED CLAIMS:

Class C: *(General Unsecured Claims).* Class C consists of all allowed general Unsecured Claims against the Debtor (non-priority Unsecured Claims).  The Class C claims shall be paid, pro rata, annually 12, 24, and 36 months after the anniversary of the Effective Date, the amount of $15,000 per year.

In addition, Class C shall be paid the amount recovered, net of costs and attorney's fees, of any preference claim (11 U.S.C. § 547/550) brought by or on behalf of the Debtor.

Any unperfected Lien or Security Interest of any Unsecured Claim shall be deemed avoided and shall be of no further force or effect.

*Equity Interests/Debtor's interest in property of the estate.*  The Debtor's member shall retain her equity interest in the Debtor.

### As to All Claims

The right to object to all claims is reserved.  The payment on any claims which are then subject to objections as to which a Final Order has not been entered shall be deposited in the undersigned counsel's attorney trust account (or an interest bearing account if over $10,000) until a Final Order is entered, and shall be paid to the creditor, distributed to the holders of other allowed claims, or refunded to the Debtor, as appropriate, upon entry of such a Final Order.  Payments on claims shall be mailed to the address of the creditor on the proof of claim (or, if allowed pursuant to the schedules, to the address on the schedules), unless the creditor files a change of address notice with the Court.  No distribution shall be made on any claim until the cumulative distribution on that claim equals at least $25.00, except that the final distribution to any class shall distribute all remaining funds due to each creditor without regard to amount.  Any check mailed to the proper address and returned by the post office as undeliverable, refused by the creditor, or not deposited within 180 days, shall be void and the funds may be retained by the Debtor.  Nothing herein shall constitute a waiver of the Debtor's right to object to any claim or an acknowledgement that such claim is valid or allowable.

## EXHIBIT D - IMPLEMENTATION OF PLAN

A. Funds for implementation of the Plan will be derived from the Debtor's income from operations.  As shown in Exhibit B, Debtor's income is projected to be sufficient to pay creditors as provided for in the Plan.

In addition, Debtor shall sell its Jeep vehicle, which will pay off the lien on that asset and a portion of the administrative expenses.

B.    Pursuant to Code § 1146(a), the making or delivery of any deed, deed of trust or other instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any deeds, deeds of trust, bills of assignments, deeds-in-lieu of foreclosure executed in connection with any of the transactions contemplated under the Plan (including but not limited to the foregoing sale(s) or refinance), including but not limited to the sale of Debtor's Jeep vehicle, shall not be subject to any stamp tax, transfer or other similar tax (including the Motor Vehicle Sales and Use Tax). The appropriate state or local government officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment pursuant to Code § 1146(a).

C.    The Debtor shall retain the Assets of the estate (except as otherwise provided in this Plan) and shall therewith operate its business and financial affairs and pay ordinary business expenses, while paying creditors the amounts set forth in this Plan. Consistent with the provisions of this Plan and subject to any releases provided for herein, the Debtor reserves the right to begin or continue any adversary proceeding permitted under the Code and Rules to collect any debts, or to pursue its claims in any court of competent jurisdiction. Except as expressly provided for in this Plan, nothing in this Plan shall be deemed to constitute a waiver of any claim that the Debtor may assert against any other party, including the holder of any claim provided for in this Plan, and the allowance of any claim against the Debtor or the estate shall not bar any claim by the Debtor against the holder of such claim.

D.    The Debtor's shareholder, Samia Gore, shall, in addition, return to the Debtor the net preference amount (after subsequent new value is applied) repaid to her or for her benefit within the year preceding the petition date.  That amount shall be paid to Class C creditors as provided in Exhibit C.  Should Ms. Gore fail to repay the preference as provided, the Trustee may bring the claim on behalf of the Debtor.  The Debtor shall pursue other preference and avoidance actions to the extent the Debtor, in consultation with counsel and in the exercise of its fiduciary duty to creditors, believes that a meaningful recovery is likely after costs and fees are incurred.

## EXHIBIT E – DEFINITIONS AND RULES OF CONSTRUCTION

The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented by the following definitions:

1.1     ***"Administrative Bar Date"*** means the first Business Day thirty (30) days after the Confirmation Date and is the date by which all Administrative Claims must be filed with the Bankruptcy Court, other than claims for counsel fees, except as otherwise provided in the Plan.

1.2     ***"Administrative Claim"*** means any cost or expense of administration of the Estate allowed under § 503(b) of the Bankruptcy Code, proof (or request or motion for payment or approval) of which is timely filed by the Administrative Bar Date.

1.3     ***"Allowed Claim"*** means a Claim against the Debtor: (a) which is listed in the Debtor's Schedules (as amended), other than a Disputed Claim or a Claim to which an objection has been interposed; or (b) proof of which has been timely filed and with respect to which no timely filed objection to the allowance thereof has been interposed, or (c) which has been allowed by the Court in a Final Order, but only in the amount allowed. An Allowed Claim shall not include unmatured or post-petition interest unless otherwise stated in the Plan.

1.4     ***"Assets"*** means all property, real or personal, in which the Debtor has an interest.

1.5     ***"Avoidance Actions"*** means proceedings and causes of action of the Debtor under Chapter 5 of the Bankruptcy Code.

1.6     ***"Bankruptcy Code"*** or ***"Code"*** means Title 11 of the United States Code.

1.7     ***"Bankruptcy Court"*** or ***"Court"*** means the U.S. Bankruptcy Court for the Eastern District of Virginia, or, if such court ceases to exercise jurisdiction over the Case, the court or adjunct thereof that exercises jurisdiction over the Case.

1.8     ***"Bankruptcy Rules"*** or ***"Rules"*** means: (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the Bankruptcy Court, in either case, as now in effect or hereafter amended (except that all time periods herein shall be calculated in accordance with the Bankruptcy Rules as in effect on the date hereof).

1.9     ***"Bar Date"*** means the date designated by the Bankruptcy Court as the last date for filing a proof of claim or proof of interest, as the case may be, against the Debtor.

1.10     ***"Business Day"*** means any day except Saturday, Sunday, or other day on which commercial banks in Virginia are authorized or required by law to close, or any other "legal holiday" as defined in Bankruptcy Rule 9006(a).

1.11     ***"Case"*** means the case commenced by the Debtor under Chapter 11 of the Code pending in the Bankruptcy Court and bearing Case Number **26-10033**.

1.12    *"Cash"* means United States currency, drafts, checks, deposit accounts, or other cash equivalents.

1.13    *"Claim"* means a claim as defined in § 101(5) of the Code.

1.14    *"Claimant"* means a Person holding a Claim against the Debtor.

1.15    *"Class"* means each class of Claims or Interests established and set forth in Exhibit C of the Plan.

1.16    *"Collateral"* means any property or interest in property of the Debtor subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance or otherwise invalid under the Code or applicable state law.

1.17    *"Confirmation"* means the entry of a Final Order of the Bankruptcy Court confirming the Plan.

1.18    *"Confirmation Date"* means the date on which the Confirmation Order is entered by the Bankruptcy Court.

1.19    *"Confirmation Hearing"* means the hearing under Code § 1128 scheduled by the Bankruptcy Court for consideration of Confirmation of the Plan, as it may be continued from time to time.

1.20    *"Confirmation Order"* means the order of the Bankruptcy Court confirming the Plan.

1.21    *"Creditor"* means the holder of a Claim.

1.22    *"Days"* shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure.

1.23    *"Debtor"* means **Bella Barbies International LLC.**

1.24    *"Disputed Claim"* means a Claim:

(a)    which is listed as disputed or contingent in the Debtor's Schedules as filed or as amended; or

(b)    which is listed as disputed under any provision of this Plan, or

(c)    as to which a proof of claim was timely filed and an objection to such Claim was filed within 30 days after the Effective Date.

1.25    *[RESERVED]*

1.26    *"Equipment"* means all machinery, tools, motor vehicles, furniture and fixtures, and all parts thereof and all accessions thereto and all software related thereto, including software that is embedded in and is part of said Equipment, so as not to include any Inventory.

1.27    *[Reserved]*.

1.28    *"Estate"* means the bankruptcy estate of the Debtor.

1.29    *"Executory Contracts"* means all contracts, including unexpired leases, to which the Debtor is or was a party on the Petition Date and which were executory within the meaning of § 365 of the Code and which may be assumed or rejected by the Debtor.

1.30    *"Final Decree"* means the Final Order of the Bankruptcy Court that closes the Case.

1.31    *"Final Order"* means an order or judgment of the Bankruptcy Court as entered on the docket in the case, that has not been reversed, stayed, modified, or amended, and as to which, either: (i) the time to appeal or seek certiorari has expired and no appeal or petition for certiorari has been timely filed, or (ii) any appeal or petition for certiorari that has been filed has been resolved by the highest court to which the order or judgment was appealed from or from which certiorari was sought.

1.32    *"Inventory"* means all goods held for sale or lease, including all raw materials, work in process, finished goods, and material used or consumed in the manufacture, production, preparation or shipping thereof, so as not to include any Equipment.

1.33    *"Lien"* has the meaning set forth in §101(37) of the Code.

1.34    *"Material Default"* of the Debtor shall occur if: (1) Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan, for more than 14 calendar days after the time specified in the Plan for such payment or other performance; (2) upon such failure, the affected creditor has served upon Debtor and Debtor's attorney a written notice of Debtor's default; and (3) Debtor fails within 30 calendar days after the date of receipt of the notice of default either: (i) to cure the default, or (ii) to obtain from the court or affected creditor an extension of time to cure the default, or a determination that no default occurred.

1.35    *"Miscellaneous Assets"* means Assets other than Real Property, Inventory, Equipment, Accounts Receivable, or Avoidance Actions.

1.36    *"Person"* means an individual, a corporation, an LLC, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, a government or any political subdivision thereof, or other legal entity.

1.37    *"Petition Date"* means January 7, 2026, the date on which the voluntary petition for relief under the Code was filed by the Debtor.

1.38    *"Plan"* means this Plan, as it may be amended from time to time.

1.39    *"Priority Claim"* means a Claim made pursuant to § 507(a) of the Code, other than an Administrative Claim, a Professional Claim, or a Priority Tax Claim.

1.40    *"Priority Tax Claim"* means any Allowed Claim for taxes, including without limitation, income, property, withholding, payroll, or excise taxes, or any penalty related to the foregoing to the extent such Claim is entitled to priority under § 507(a)(8) of the Code.

1.41    *"Professional"* means any attorney, accountant, appraiser, consultant, financial advisor or other professional retained or to be compensated pursuant to an order of the Bankruptcy Court entered under any provision of the Code.

1.42    *"Professional Claim"* means any Claim for compensation or reimbursement of a Professional that will be paid through the Plan.

1.43    *"Proof of Claim"* means a proof of Claim filed pursuant to § 501 of the Code and Part III of the Bankruptcy Rules.

1.44    *"Rejection Claim"* means a Claim arising from the rejection of an executory contract or unexpired lease in such amounts as are permitted by the Code and applicable law, and as are allowed by the Bankruptcy Court.

1.45    *"Schedules"* means the schedules of assets and liabilities and Statement of Financial Affairs filed by the Debtor with the Bankruptcy Court and any amendments thereto.

1.46    *"Secured Claim"* means any Claim, debt, or demand against the Debtor as determined in accordance with § 506(a) of the Code that is secured by a properly perfected mortgage, deed of trust, Lien, pledge, or security interest in, or right of set off against, any Property of the Debtor, but only to the extent of the value of the Collateral as of the Confirmation Hearing or as otherwise expressly treated in the Plan.

1.47    *"Subchapter V Trustee"* means the appointed trustee under Code § 1183, or such successor trustee who is or shall be appointed.

1.48    *"Unexpired Lease"* means a lease of personalty or realty that had neither expired by its terms nor been properly terminated as of the Petition Date, and which has not expired by its terms or been rejected by a Final Order on or prior to the Confirmation Date.

1.49    *"Unliquidated Claim"* means any Claim, the amount of liability for which has not been fixed, whether pursuant to agreement, applicable law, or otherwise, as of the date on which such Claim is sought to be estimated.

1.50    ***"Unsecured Claim"*** means any unsecured debt, demand, or Claim of whatever nature other than an Administrative Expense, a Professional Claim, a Priority Claim, a Priority Tax Claim, or a Secured Claim, to the extent as determined and allowed by the Bankruptcy Court in accordance with § 502 of the Code, and includes claims as to which any Lien is not properly perfected.

## EXHIBIT F – OTHER PROVISIONS

**RETENTION OF JURISDICTION**

Following the Confirmation Date, the Court shall retain jurisdiction over the Debtor and the Debtor's operations for the following purposes until the Court enters an Order closing the case:

A.     To rule on the allowance or classification of claims and to hear any objections thereto. The failure of the Debtor to object to, or to examine any claim for the purposes of voting shall not be deemed a waiver of the Debtor's right to object to such claim in whole or in part;

B.     To hear and determine all adversary proceedings and contested matters;

C.     To allow and approve or disapprove any administrative expenses not previously allowed;

D.     To determine and resolve questions concerning the existence of defaults under the Plan;

E.     To modify the Plan pursuant to Code § 1193;

F.     To correct any defect, to cure any omission, to reconcile any inconsistency in the Plan or Order of Confirmation as may be necessary to carry out the purposes and intent of the Plan; and

G.     To issue any Order necessary to carry out the Plan.

H.     To enter the Debtor's discharge.

Notwithstanding the foregoing, upon Confirmation the Debtor shall be entitled to manage the Debtor's financial affairs, including the sale, disposition, or lease of assets, without further Order of the Court, and the Debtor, in the Debtor's discretion, shall be permitted to obtain new and additional credit and/or loans from any source, which credit or loans may be secured by the Debtor's assets, without further Order of the Court.

**MODIFICATION OR WITHDRAWALS OF PLAN**

The Debtor may alter, amend, or modify the Plan under Code § 1193 at any time before the Confirmation Date, so long as the Plan, as modified, meets the requirements of Code §§ 1122 and 1123, with the exception of subsection (a)(8) of § 1123. Following the Confirmation Date but before the Effective Date, the Debtor may also alter, amend, or modify the Plan under Code § 1193. The Debtor may revoke or withdraw the Plan before the Confirmation Date. If the Plan is revoked or withdrawn before the Confirmation Date, the Plan shall be of no force or effect, and shall be deemed null and void. If the Plan is revoked or withdrawn before the Confirmation Date, nothing contained herein shall in any way effect or prejudice the rights of the Debtor with regard

to Claims, Avoidance Actions, or any other rights or interests. After confirmation, the plan may be modified pursuant to Code § 1193.

**MISCELLANEOUS PLAN PROVISIONS**

The Debtor shall act as disbursing agent to make the required distributions under the Plan.

No creditor may take any collection action against Debtor or property of the estate or of the Debtor on any Claim or debt scheduled or provided for under this Plan so long as Debtor is not in Material Default in performing its obligations to such creditor under the Plan.

On the Effective Date, all property of the estate will vest in the reorganized Debtor pursuant to § 1141(b) of the Code free and clear of all claims and interests except as provided in this Plan.

Except as specifically provided in this Plan, the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under Virginia law. To the extent a creditor retains a lien under the Plan, except as provided in this Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

After the Confirmation Date, the Reorganized Debtor may retain and pay professionals on such terms as the Reorganized Debtor deems reasonable without Bankruptcy Court approval. Persons who served as professionals to the Debtor prior to the Effective Date may also continue to serve the Reorganized Debtor.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

In re:

Bella Barbies International LLC                          Case No. No. 26-10033
                                                        Chapter 11 (Subchapter V)

Debtor.

---

**CLASS C BALLOT FOR ACCEPTING OR REJECTING**
**PLAN OF REORGANIZATION**

Bella Barbies International LLC, Debtor, filed a plan of reorganization dated April 7 , 2026 (the "Plan") for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class C under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.  If your ballot is not received by** Daniel M. Press, Attorney for Debtor, at Chung & Press, P.C., 6718 Whittier Ave., Suite 200, McLean, VA 22101, dpress@chung-press.com, **on or before May 12, 2026, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**ACCEPTANCE OR REJECTION OF THE PLAN**

The undersigned, the holder of a Class C claim against the Debtor in the unpaid amount of_____

Dollars ($_____ )

(Check one box only)

        **[__] ACCEPTS THE PLAN**       **[__] REJECTS THE PLAN**

Dated: _____

Print or type name of holder of claim: _____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

       _____

**RETURN THIS BALLOT TO: Daniel M. Press, Chung & Press, P.C., 6718 Whittier Ave., Suite 200, McLean, VA 22101, Fax (703) 734-0590, email dpress@chung-press.com.**

--

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

In re:

Bella Barbies International LLC                                    Case No. No. 26-10033
                                                                  Chapter 11 (Subchapter V)

              Debtor.

_____

## CLASS B BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORGANIZATION

Bella Barbies International LLC, Debtor, filed a plan of reorganization dated April 7 , 2026 (the "Plan") for the Debtor in this case.

**You should review the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class B under the Plan. If you hold claims in more than one class, you will receive a ballot for each class in which you are entitled to vote.  If your ballot is not received by** Daniel M. Press, Attorney for Debtor, at Chung & Press, P.C., 6718 Whittier Ave., Suite 200, McLean, VA 22101, dpress@chung-press.com, **on or before May 12, 2026, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.  If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class B claim against the Debtor in the unpaid amount of_____

Dollars ($_____ )

(Check one box only)

### [__] ACCEPTS THE PLAN          [__] REJECTS THE PLAN

Dated: _____

Print or type name of holder of claim: _____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

           _____

**RETURN THIS BALLOT TO: Daniel M. Press, Chung & Press, P.C., 6718 Whittier Ave., Suite 200, McLean, VA 22101, Fax (703) 734-0590, email dpress@chung-press.com.**

--

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

```
-------------------------------------------------------------X
In re:                                          :      Chapter 11 (Subchapter V)
                                                :
Bella Barbies International LLC                  :      No. 26-10033-BFK
                                                :
          Debtor.                               :
                                                :
-------------------------------------------------------------X
```

**CERTIFICATE OF SERVICE**

This is to certify that on this 14th day of April, 2026, I caused to be served on all creditors and parties in interest, to the addresses on the attached matrix, by first class mail, postage prepaid (or by CM/ECF on the Subchapter V Trustee and the US Trustee) the ORDER FIXING HEARING ON CONFIRMATION AND TIMES FOR FILING OBJECTIONS TO CONFIRMATION AND ACCEPTANCES OR REJECTIONS OF PLAN; the NOTICE OF HEARING ON CONFIRMATION, AND NOTICE OF TIMES FIXED FOR FILING ACCEPTANCES OR REJECTIONS OF PLAN AND OBJECTIONS TO CONFIRMATION; the Plan dated April 7, 2026, and a Class B or C ballot, as shown.

/s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

Label Matrix for local noticing
0422-1
Case 26-10033-BFK
Eastern District of Virginia
Alexandria
Tue Apr 14 13:11:58 EDT 2026

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701
WITH CLASS C BALLOT

Bella Barbies International LLC
7902 Tysons One Pl
Unit 2901
McLean, VA 22102-5240

United States Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314-5405

Admiral Leasing & Finance Co
Arnold Wollman
6826 Old Pimlico Rd
Baltimore, MD 21209-1614

Alien Finance LLC
5830 E 2nd St, Ste 7000 #5788
Casper, WY 82609-4308

American Express
PO Box 297871
Fort Lauderdale, FL 33329-7871

Attentive Mobile
5805 Sepulveda Blvd
4th Floor
Sherman Oaks, CA 91411-2532
WITH CLASS C BALLOT

Barcode Group
84 South 10th St, Suite 200
Minneapolis, MN 55403-2559
WITH CLASS C BALLOT

Blue Wheel Media
1837 Enterprise Dr
Rochester, MI 48309-3802
WITH CLASS C BALLOT

Clover PR Inc.
20409 Yorba Linda Blvd
Ste 152
Yorba Linda, CA 92886-3042
WITH CLASS C BALLOT

(p)CREDIT CONTROL LLC
ATTN CORRESPONDENCE
3300 RIDER TRAIL S
SUITE 500
EARTH CITY MO 63045-1338

Hawke Media
2415 Michigan Ave
Santa Monica, CA 90404-4009
WITH CLASS C BALLOT

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346
WITH CLASS C BALLOT

Jacqueline Gattereau
2222 Rickover Pl
Winter Garden, FL 34787-5485

Matthew Reichard
E.C.C. & Associates
26 Railroad Ave. #117
Babylon, NY 11702-2204

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119-3000
WITH CLASS C BALLOT

Office of the US Attorney
2100 Jamieson Ave
Alexandria, VA 22314-5794

On Demand Fulfillment
8152 Welby Park Dr Ste B
West Jordan, UT 84088-5987
WITH CLASS C BALLOT

On Ramp Funds
1705 S Capital of Texas Hwy
Ste 500
Austin, TX 78746-6597

Rawson Technologies, LLC dba pirawna
4441 Woodbine Ln
Prosper, TX 75078-1189
WITH CLASS C BALLOT

Samia Gore
7902 Tysons One Pl
Unit 2901
McLean
VA 22102-5240

Shopify
151 O'Connor St
Ground Floor
Ottawa ONT Canada, K2P2L8
WITH CLASS C BALLOT

Small Business Administration
409 3rd St., SW
Washington, DC 20416-0002
WITH CLASS C BALLOT

Stephen Wayne Sather
7320N. MoPac Expwy, Suite 400
Austin, TX 78731-2347

Stillman Law Office
30057 Orchard Lake Road, Suite 200
Farmington, MI 48334-2265

U.S. Attorney
Courthouse Square
2100 Jamieson Avenue
Alexandria, VA 22314-5702
WITH CLASS C BALLOT

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road
Suite 900
Atlanta, GA 30326-1382

Uline
12575 Uline Dr.
Pleasant Prairie, WI 53158-3686
WITH CLASS C BALLOT

Va Dept of Taxation
PO Box  1115
Richmond, VA 23218-1115

Wayflyer
356 Wythe Ave
Brooklyn, NY 11249-5124

WITH CLASS C BALLOT

eCommerce Funding, LLC and On Ramp Funds, In
7320N. MoPac Expwy, Suite 400
7320 N. MoPac Expwy, Suite 400
Austin, TX 78731-2347

WITH CLASS B BALLOT

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101-4531

Matthew W. Cheney
Office of the U.S. Trustee - Region 4
1725 Duke Street
Suite 650
Alexandria, VA 22314-3489

Samia Latia Gore
7902 Tysons One Place
Unit 2901
McLean, VA 22102-5240

Stephen A. Metz
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814-6604


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Credit Control LLC
3300 Rider Trl S
Ste 500
Earth City, MO 63045


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

End of Label Matrix
Mailable recipients   36
Bypassed recipients    1
Total                 37