**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

---------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | **Chapter 11 (Subchapter V)** |
| | : | |
| **Bella Barbies International LLC** | : | **No. 26-10033-BFK** |
| | : | |
| **Debtor.** | : | |
| | : | |

---------------------------------------------------------------X


### APPLICATION BY COUNSEL FOR DEBTOR FOR FINAL COMPENSATION

Daniel M. Press and Chung & Press, P.C., attorneys for the Debtor herein, apply to the Court for an Order for allowance of attorneys' fees for professional services rendered to the Debtor and for reimbursement for actual and necessary costs incurred from the petition date, January 7, 2026, through the date of confirmation of the Plan, May 21, 2026, pursuant to §§ 327 and 330 of the Bankruptcy Code and Bankruptcy Rule 2016, seeking compensation in the total amount of Fifteen Thousand Five Hundred Forty Three and 00/100 Dollars ($15,543.00), and reimbursement for out-of pocket expenses in the amount of Two Hundred Twenty One and 14/100 Dollars ($221.14), for a total of $15,764.14, less a courtesy discount of $1028.77, for a total of $14,735.37, and in support thereof, state as follows:

1.       This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This application is a core proceeding within the meaning of 28 U.S.C. § 157.

2.    1.       On January 7, 2026, this case was commenced by the filing of a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in

Daniel M. Press, VSB# 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
Counsel for Debtor

the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). An Application for Order Authorizing the Employment of Chung & Press, P.C. As Counsel for the Debtor and Debtor-In-Possession was filed that same day.

3. As set forth in the Application for Employment and the Disclosure of Compensation filed with the petition, the undersigned law firm, Chung & Press, P.C., was retained on an hourly basis at a rate of $495 per hour for Daniel M. Press, plus actual costs, to be paid upon court approval. Debtor paid a fee and cost advance of $11,700.87 of which $2227.50 was applied to prepetition fees and $1738 for the filing fee, leaving $7735.37 in trust for application to fees and costs as approved.

4. The only lawyer who billed time on this matter, as shown on the attached statement, is Daniel M. Press (DMP). The rates charged are below those charged by comparably skilled practitioners in cases other than cases under Title 11.

5. This is an application for compensation for the period from the petition date, January 7, 2026, through the date of confirmation of the Plan, May 21, 2026. It is the first and final application filed by Debtor's counsel in this case.

6. A detailed statement of the actual, necessary services rendered, time expended, and expenses incurred is attached hereto. The total time as billed on the attached statements is 31.4 hours, which, at the aforementioned reduced hourly rate comes to $15,543. The attached statements also include $221.14 in disbursements for actual and necessary expenses (an amendment fee, postage and third-party copies at $0.15 or less/page, and a small parking charge) made by this law firm. Disbursements were all billed at actual cost. Mileage, faxes, in-house copies and like expenses were not charged.

2

7.      No payments have heretofore been made or promised, other than as described for prepetition services and the filing fee.  No compensation has been or will be shared, and no agreement for sharing of compensation with regard to this case exists.

8.      For the period covered by this application, Chung & Press performed services as follows:

(A)     Case Administration:  Chung & Press, PC represented the Debtor on issues related to case administration, including, but not limited to preparation and filing of schedules and statements, attendance at the initial debtor interview and 341 meeting, review of Court orders, compliance with US Trustee requirements and requests, and reviewing, advising the Debtor regarding, and filing monthly reports and other duties of the DIP; and overall strategy and management of the case.

The total time spent on this category is broken down as follows:

19.8 hours               $9801.00

(B)     Plan: Preparation and drafting of Debtor's Plan, negotiations regarding the same, and hearing on confirmation of the plan.

The total time spent on this category is broken down as follows:

11.6  hours               $5742.00

TOTAL TIME: 31.4 hours,  $15,543.00

Additional time spent was not charged in an exercise of billing discretion. Counsel did not bill at all for many phone calls or emails, nor for time spent getting "up to speed" on unfamiliar legal issues. Counsel bills proportionately for waiting and travel time when in court for multiple matters, and bills travel time at 50% of the actual time.   No time was billed for preparation of this fee application.

10.     Consideration of the factors set forth in Section 330(a)(3)(A) of the Code shows that the requested fee is appropriate.  The services provided were necessary to the successful administration of the case.  There was no duplication of services.  A review of the statement shows that the amount of time spent was reasonable, commensurate with the complexity, importance, and nature of the problems, tasks and issues addressed.  The rate charged ($495/hour) is lower than those charged by most attorneys of comparable skill and experience both in bankruptcy and non-bankruptcy matters.

11.     Courts frequently look to the "lodestar" formula in assessing attorneys' fees.  Under this approach, courts consider the number of hours of service reasonably devoted to the case, multiplied by the attorneys' reasonable rates. This sum may be adjusted to reflect the characteristics of the particular case, and the reputation of the attorney. *See* e.g., *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354, 361 (D. D.C. 1983), *aff'd. in part rev'd in part*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021, 105 S. Ct. 3488 (1985).  Many courts frequently consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and applied in bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The Fourth Circuit Court of Appeals adopted these tests in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978). In *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), the Fourth Circuit held that the District Court should consider the lodestar approach, which encompasses the *Johnson* factors (a) and (e) as set forth below, and then adjust the fee on the basis of the remaining *Johnson* factors. The following are the *Johnson* factors:

4

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill requisite to perform the legal service properly;

(d) the preclusion of other employment by the attorney due to acceptance of

the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-19; *Barber* 577 F.2d at 226 n.28; *Anderson*, 658 F.2d at 248

n.2.

12.     Chung & Press, P.C. submits the following lodestar analysis in support of

its request for allowance of fees and disbursements:

(a)      The time and labor required. The amount of time required to represent

the Debtor in this case is reflected in the attached statement, and is

certainly reasonable given the circumstances of the case.

(b)      Novelty and difficulty of the questions. This Chapter 11/Subchapter V

case presented some potentially novel and/or difficult legal issues,

including UCC filings in  the wrong jurisdiction.

5

(c)     The skill requisite to perform the legal service properly. Because of the experience of Debtor's counsel in handling matters of this nature, counsel exercised the skill requisite to perform these services properly, confirming the plan quickly without significant issues.

(d)     The preclusion of other employment by the firm due to acceptance of this case. This case has not conflicted Debtor's counsel out of other matters, but any case takes up a portion of the limited time available to counsel, diverting counsel's attention from other matters in which they otherwise might have been involved to devote themselves to the competent representation of the Debtor.

(e)     The customary fee for similar work. Chung & Press submits that the fees sought herein are warranted, and are generally less than competitor fees in the local legal market for attorneys with comparable skill and experience with comparable practices.

(f)     Whether the fee is fixed or contingent.   The fees are sought based on a fixed hourly rate, but pursuant to the Code, all fees sought by professionals retained by a Debtor are subject to approval of this Court, and thus are, to an extent, contingent.

(g)     Time limitations imposed by the client or circumstances. Chung & Press was not for the most part compelled to render legal services under unusual time constraints.

(h)     The amounts involved and the results obtained. This case involved the survival of a business that was significantly over-leveraged.

6

Undersigned counsel obtained confirmation of a plan that is feasible and will allow the business to survive.

(i)   Experience, reputation and ability of the attorneys. Daniel M. Press has previously represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of bankruptcy and commercial litigation proceedings.  Mr. Press has practiced bankruptcy law for over 35 years. He is an experienced bankruptcy practitioner.  Mr. Press' experience, reputation and ability have been recognized by his election to the Board of the National Association of Consumer Bankruptcy Attorneys ("NACBA") and as president of the Northern Virginia Bankruptcy Bar Association ("NVBBA") and Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education programs on bankruptcy topics, and in particular on Chapter 11 and Subchapter V for small businesses and individual debtors, for the MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland ("BBA"), NACBA, the Virginia Bar Association, the North Carolina and West Virginia Bars, Virginia CLE, and Minnesota CLE.  He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI

7

Journal, and teach "Boot Camps" on individual and small business

Chapter 11 cases.   Mr. Press' reputation is well established in the

Baltimore/Washington metropolitan area and nationwide as an

effective practitioner.

(j)     The "undesirability" of the case. This case was not particularly

undesirable.

(k)     The nature and length of the firm's professional relationship with the

client. Chung & Press was retained by the Debtor shortly before filing

the case.   It had no prior relationship with the Debtor or its principal.

(l)     Awards made in similar cases. Chung & Press submits that its request

for compensation is well within, if not below, the usual and customary

awards granted in similar cases.

13.     Detailed daily time records setting forth the tasks performed and the time spent thereon are attached hereto.

14.     The affidavit of Daniel M. Press in support of this application is attached hereto.

15.     The expenses for which reimbursement is sought are set forth in the attached invoice and were actual and necessary.  Chung & Press, P.C. submits that the expenses are reasonable and economical and are customarily charged to non-bankruptcy clients of the applicant.  Many actual expenses were not charged.

WHEREFORE, Chung & Press, P.C. prays for the entry of an Order approving final compensation as a Chapter 11 administrative expense in the amount of $15,543.00, and reimbursement for out-of pocket expenses in the amount of $221.14, for a total of $15,764.14, less a courtesy discount of $1028.77, for a total of $14,735.37, with $7735.37 to be paid from

8

the fee advance and with the balance of $7000 to be paid by the Debtor as an administrative

expense.

Dated: May 24, 2026.

Respectfully submitted,

 /s/ Daniel M. Press
Daniel M. Press, VSB 37123
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
dpress@chung-press.com

9

DECLARATION UNDER PENALTY OF PERJURY

I, Daniel M. Press, a member of the bar of this Court, declare under penalty of perjury that the statements in the foregoing Application and attached statements of services rendered are true and correct, and that the items listed on the attached statements were services actually and necessarily rendered and expenses actually and necessarily incurred. No understanding or agreement exists between this law firm and any other person for a sharing of compensation received or to be received in connection with this case.  No previous application for the relief requested herein has been submitted to this or any other court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May, 2026.


_/s/ Daniel M. Press_____
Daniel M. Press

**CERTIFICATE OF SERVICE**

This is to certify that on this 24th day of May, 2026, I caused the foregoing document to be served on the Debtor by email and first class mail, and by CM/ECF on the Subchapter V Trustee, the US Trustee and all persons requesting notice by CM/ECF.


_/s/ Daniel M. Press_____
Daniel M. Press

10

May 24, 2026

Dear Bella Barbies International LLC,

Enclosed are all the new invoices for all matters in progress. The total amount due is $15,764.14, including any interest charges.

| | |
|---|---|
| Total Fees for professional services rendered | $15,543.00 |
| Total Expenses | $221.14 |
| Total Interest | $0.00 |
| Total Paid | -$0.00 |
| **Total Balance Due** | **$15,764.14** |

If you have any questions, please contact our office.

Sincerely,

Daniel Press

# Invoice

| | |
|---|---|
| Invoice Number | 4 |
| Invoice Date | 05/24/2026 |
| **Amount Due** | **$9,936.42** |

# Chapter 11 - Bella Barbies International LLC - Bankruptcy

Chapter 11 - Case Administration

Fees

| Date | Subject | Staff | Rate | Hours | Total |
|---|---|---|---|---|---|
| 01/07/2026 | Finalize, file and serve application to employ | DP | $495.00 | 0.20 | $99.00 |
| 01/07/2026 | Email correspondence with creditors to advise of filing | DP | $495.00 | 0.20 | $99.00 |
| 01/08/2026 | Email notice to creditors | DP | $495.00 | 0.10 | $49.50 |
| 01/08/2026 | Prepare and file corporate ownership statement | DP | $495.00 | 0.20 | $99.00 |
| 01/09/2026 | Review and forward UST guidelines, IDI info, to client | DP | $495.00 | 0.20 | $99.00 |
| 01/11/2026 | Email correspondence with UST re app to employ; verify correctly filed | DP | $495.00 | 0.20 | $99.00 |
| 01/11/2026 | Email correspondence with client, creditor On Demand, re filing | DP | $495.00 | 0.20 | $99.00 |
| 01/16/2026 | Email correspondence with client re IDI documents | DP | $495.00 | 0.20 | $99.00 |
| 01/16/2026 | Prepare/file motion to extend schedules deadline | DP | $495.00 | 0.20 | $99.00 |
| 01/21/2026 | Email correspondence with lient re IDI documents | DP | $495.00 | 0.10 | $49.50 |
| 01/22/2026 | Telecon w/ clerk; prepare/file/serve notice of hearing on motion to extend | DP | $495.00 | 0.30 | $148.50 |
| 01/24/2026 | Telecon w/ client; serve 341 notice on depository institutions | DP | $495.00 | 0.40 | $198.00 |
| 01/26/2026 | Review IDI documents and forward to UST | DP | $495.00 | 0.40 | $198.00 |

| Date | Description | | Rate | Qty | Total |
|---|---|---|---|---|---|
| 01/28/2026 | Prepare for and attend IDI; review and forward documents; review correspondence re documents still needed | DP | $495.00 | 1.50 | $742.50 |
| 02/02/2026 | Prepare schedules; email correspondence re info needed | DP | $495.00 | 0.50 | $247.50 |
| 02/04/2026 | Prepare schedules; telecon and email correspondence re info needed | DP | $495.00 | 0.50 | $247.50 |
| 02/05/2026 | Email correspondence re DIP account | DP | $495.00 | 0.20 | $99.00 |
| 02/05/2026 | Review documents; emails and calls to client; prepare schedules and supplement to motion requesting further extension | DP | $495.00 | 3.00 | $1,485.00 |
| 02/05/2026 | Prepare order on app to employ; email to UST for endorsement | DP | $495.00 | 0.10 | $49.50 |
| 02/05/2026 | Email from UST; BOPS employment order | DP | $495.00 | 0.10 | $49.50 |
| 02/06/2026 | Review documents; telecon with client; prepare/finalize schedules; | DP | $495.00 | 2.00 | $990.00 |
| 02/07/2026 | Finalize and file schedules, additional creditor notices, notice to disputed creditors | DP | $495.00 | 1.20 | $594.00 |
| 02/07/2026 | Prepare extension order and email to UST for endorsement | DP | $495.00 | 0.20 | $99.00 |
| 02/07/2026 | Email correspondence re IDI documents; review and forward | DP | $495.00 | 0.50 | $247.50 |
| 02/09/2026 | Prepare status conference report | DP | $495.00 | 0.20 | $99.00 |
| 02/09/2026 | Email correspondence with UST, client, re outstanding documents | DP | $495.00 | 0.20 | $99.00 |
| 02/10/2026 | Hearing on schedules extension | DP | $495.00 | 1.00 | $495.00 |
| 02/11/2026 | Review and forward documents to UST | DP | $495.00 | 0.30 | $148.50 |
| 02/12/2026 | Prepare for and attend 341 meeting | DP | $495.00 | 1.00 | $495.00 |
| 02/23/2026 | Email correspondence re insurance and other documents | DP | $495.00 | 0.30 | $148.50 |
| 02/24/2026 | Email correspondence re MOR; review and file same | DP | $495.00 | 0.50 | $247.50 |
| 02/24/2026 | Prepare for and attend status conference; email correspondence and prepare continuance/trustee escrow order re same | DP | $495.00 | 2.00 | $990.00 |
| 03/17/2026 | Review IRS POC; email client re same | DP | $495.00 | 0.30 | $148.50 |
| 04/08/2026 | Email correspondence re MORs | DP | $495.00 | 0.30 | $148.50 |
| 04/21/2026 | Attend status conference | DP | $495.00 | 1.00 | $495.00 |
| | | | | | **$9,801.00** |

## Expenses

| Date | Subject | Cost | Qty | Total |
|---|---|---|---|---|
| 01/07/2026 | Postage | $13.26 | 1.00 | $13.26 |
| 01/07/2026 | Outside copies | $12.92 | 1.00 | $12.92 |
| 01/17/2026 | Outside copies | $6.46 | 1.00 | $6.46 |

| 01/17/2026 | Postage | $13.26 | 1.00 | $13.26 |
|---|---|---|---|---|
| 01/22/2026 | Outside copies | $3.50 | 1.00 | $3.50 |
| 01/22/2026 | Postage | $13.26 | 1.00 | $13.26 |
| 02/07/2026 | Filing fee (amendment) | $34.00 | 1.00 | $34.00 |
| 02/07/2026 | Outside copies | $7.00 | 1.00 | $7.00 |
| 02/07/2026 | Postage | $9.50 | 1.00 | $9.50 |
| 02/10/2026 | Copies | $4.18 | 1.00 | $4.18 |
| 02/10/2026 | Postage | $18.08 | 1.00 | $18.08 |
| | | | | **$135.42** |

| | | |
|---|---|---|
| **Subtotal** | | **$9,936.42** |
| **Total** | | **$9,936.42** |
| **Total Balance Due** | | **$9,936.42** |

# Invoice

| | |
|---|---|
| Invoice Number | 3 |
| Invoice Date | 05/24/2026 |
| **Amount Due** | **$5,827.72** |

## C11 - Plan

## Fees

| Date | Subject | Staff | Rate | Hours | Total |
|---|---|---|---|---|---|
| 04/06/2026 | Telecon and email correspondence w/ client; review documents; begin preparing plan | DP | $495.00 | 3.00 | $1,485.00 |
| 04/07/2026 | Review documents; email correspondence and telecon w/ client; prepare plan | DP | $495.00 | 3.50 | $1,732.50 |
| 04/13/2026 | Review order fixing hearing on confirmation[ emaul client | DP | $495.00 | 0.20 | $99.00 |
| 04/14/2026 | prepare/serve notice of hearing, ballots and plan | DP | $495.00 | 0.50 | $247.50 |
| 04/29/2026 | Email correspondence w/ UST re plan issues | DP | $495.00 | 0.10 | $49.50 |
| 05/04/2026 | Emails w/ client re confirmation hearing | DP | $495.00 | 0.30 | $148.50 |
| 05/06/2026 | Review ballots | DP | $495.00 | 0.10 | $49.50 |
| 05/10/2026 | Email counsel for secured creditor re ballot | DP | $495.00 | 0.10 | $49.50 |
| 05/14/2026 | Prepare ballot tally | DP | $495.00 | 0.30 | $148.50 |
| 05/15/2026 | Email correspondence with client; prepare and submit remote appearance requst | DP | $495.00 | 0.30 | $148.50 |
| 05/18/2026 | Review remote appearance approval; email client re confirmation hearing | DP | $495.00 | 0.20 | $99.00 |
| 05/19/2026 | Prepare for and attend confirmation hearing | DP | $495.00 | 1.50 | $742.50 |

| 05/19/2026 | Prepare and circulate confirmation order | DP | $495.00 | 0.30 | $148.50 |
| 05/21/2026 | Review confirmation order; correspondence to client re plan obligations | DP | $495.00 | 1.20 | $594.00 |
| | | | | | **$5,742.00** |

## Expenses

| Date | Subject | Cost | Qty | Total |
|---|---|---|---|---|
| 04/14/2026 | outside copies | $56.51 | 1.00 | $56.51 |
| 04/14/2026 | Postage | $27.68 | 1.00 | $27.68 |
| 05/23/2026 | Parking | $1.53 | 1.00 | $1.53 |
| | | | | **$85.72** |

| | | |
|---|---|---|
| **Subtotal** | **$5,827.72** |
| **Total** | **$5,827.72** |
| **Total Balance Due** | **$5,827.72** |