**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| **In re:** | * | |
| **BELLA BARBIES INTERNATIONAL LLC** | * | **Case No. 26-10033 BFK** |
| | | **(Chapter 11)** |
| **Debtor.** | * | |

---

**FIRST AND FINAL APPLICATION OF SUBCHAPTER V TRSUTEE FOR
COMPENSATION UNDER SUBCHAPTER V OF CHAPTER 11**

Stephen A. Metz (the "**Applicant**"), hereby requests entry of an order approving first and final compensation as the Subchapter V Trustee in this case under Subchapter V of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). By this Application, Applicant requests that the Court approve on a final basis, allowance as a chapter 11 administrative expense claim, fees of $5,785.00. Applicant submits this application pursuant to § 330 and § 503 of the Bankruptcy Code and Federal Rules of Procedure 2016, and states as follows:

1.      On January 7, 2026, the Debtor filed a Petition under Subchapter V of Chapter 11 of the Bankruptcy Code in Case No. 26-10033 BFK (the "**Petition Date**").

2.      On January 8, 2026, the Applicant was appointed by the U.S. Trustee to serve as the Subchapter V Trustee.

3.      The time period covered by this Application is January 8, 2026 through May 28, 2026.

4.      The Fees requested in this Application

   a.   Metz      $5,610.00

---

Stephen A. Metz (VA Bar No. 89738)
Offit Kurman, P.A.
7501 Wisconsin Ave, Suite 1000W
Bethesda, MD 20814
Telephone: (240) 507-1723
Facsimile: (240) 507-1735
Email: smetz@offitkurman.com
Subchapter V Trustee

    b.  Margulies  $175.00

5.  During the bankruptcy proceedings, the Debtor paid a $3,000 deposit to Applicant, which Applicant is holding.

6.  The total hours covered by this Application: 9.20

7.  The total expenses requested in this Application:      $0.00

8.  The total fees and expenses requested in this Application: $5,785.00

9.  A copy of Applicant's detailed time records are attached as Exhibit A.

10.  Brief description of services: Applicant served as Subchapter V Trustee and, in that capacity, has participated in all aspects of this case and all hearings and other proceedings for the benefit of the Debtor and other parties in interest, including the following:

    a.  Reviewing the Petition, Schedules and Statement of Financial Affairs

    b.  Attendance at initial debtor interview;

    c.  Attendance at the meetings of creditors;

    d.  Attendance at the hearing on motion to extend time to file Schedules, multiple status hearings and confirmation hearing;

    e.  Reviewing motions filed;

    f.  Reviewing Debtor's Plan Report and summary of ballots

    g.  Communications with Debtor's Counsel;

    h.  Communications with the U.S. Trustee's Office;

11.  Applicant hereby affirms to the Court that the fees and expenses requested by this Application are (i) for actual, reasonable, and necessary services rendered by the Applicant, and (ii) based upon customary fees charged and generally approved by this Court for services of this nature provided by comparably skilled professionals.

2

12.     Applicant submits that this Application satisfies the lodestar formula and factors set forth in § 330(a) of the Bankruptcy Code and in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The fees sought in this case represent reasonable compensation for actual, necessary services rendered as Subchapter V Trustee for services provided during the Application Period, taking into account the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform properly the services rendered, the Applicant's opportunity costs in pursuing the matter, the customary fee for like work, the Applicant's expectations at the outset of the matter, the time limitations imposed by the circumstances, the amount in controversy and the results obtained, the experience, reputation and ability of the Applicant, the desirability or undesirability of the case within the legal community in which the case arose, the nature and length of the professional relationship between the Applicant and other parties in the case, and fee awards in similar cases.

13.     No agreement or understanding exists between the Applicant and any other person for the division or sharing of the compensation or expenses that are the subject of this Application.

WHEREFORE, the Applicant prays that the Court enter an Order approving on a final basis the compensation sought in this Application, allowing such approved compensation as an allowed chapter 11 administrative expense priority claim, and authorizing Applicant to apply the Deposit to the allowed fees.

Date:  June 8, 2026                              */s/ Stephen A. Metz*
                                                 Stephen A. Metz, Bar No. 89738
                                                 Offit Kurman, P.A.
                                                 7501 Wisconsin Avenue, Suite 1000W
                                                 Bethesda, Maryland 20814
                                                 O (240) 507-1723; F (240) 507-1735
                                                 smetz@offitkurman.com

                                                 *Subchapter V Trustee*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8 2026, a true and correct copy of the First and Final Application of Subchapter V Trustee for Compensation and proposed order, were served on all parties receiving CM/ECF notices in this case, as follow:

- **Matthew W. Cheney**    ustpregion04.ax.ecf@usdoj.gov
- **Stephen A. Metz**    smetz@offitkurman.com,
  MD71@ecfcbis.com;lydia.yale@offitkurman.com
- **Daniel M. Press**    dpress@chung-press.com,
  pressdm@gmail.com;danpress@recap.email
- **Katharine Toledo**    katharine.i.toledo@usdoj.gov, Robert.W.Ours@usdoj.gov


And all parties on the attached Service List by first class mail, postage prepaid:


*/s/ Stephen A. Metz*
Stephen A. Metz

4922-5980-2544, v. 1